**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS ) | |
| UNION LOCAL NO. 142 PENSION ) | |
| TRUST FUND, ) | |
|     Plaintiff, ) | |
| ) | CAUSE NO.: 2:11-CV-374-PRC |
| v. ) | |
| ) | |
| CATHIE'S CARTAGE, INC., ) | |
| CATHERINE G. MORRIS, individually ) | |
| and d/b/a CATHIE'S CARTAGE, INC; ) | |
| RONALD G. MORRIS, individually and ) | |
| d/b/a MAK LEASE; and MORRIS ) | |
| MOTOR SERVICE, INC., ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Plaintiffs' Motion to Strike Defendants' Jury Demands [DE 16], filed by Plaintiffs on December 22, 2011. Defendants filed a response on December 29, 2011, and Plaintiffs filed a reply on January 3, 2012.

**PROCEDURAL AND FACTUAL BACKGROUND**

On October 13, 2011, Plaintiffs filed a Complaint against Defendants seeking payment of withdrawal liability pursuant to the Multi-employer Pension Plan Amendment Act, 29 U.S.C. § 1381 *et seq.* ("MPPAA"). On December 20, 2011, Defendants filed their Answers to Plaintiffs' Complaint. Both Answers included demands for a jury trial. On December 22, 2011, Plaintiffs filed the instant Motion to Strike.

On January 27, 2012, the parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

# ANALYSIS

Federal Rule of Civil Procedure 39(a)(2) addresses the demand for a jury trial and provides that:

> (a) **When a Demand Is Made.** When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless . . . (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

Fed. R. Civ. P. 39(a)(2). The Seventh Amendment provides a right to a jury trial "in suits at common law," thereby "mandat[ing] jury trials for legal actions but not for equitable actions." *also Lebow v. American Trans Air*, 86 F.3d 661, 667-668 (7th Cir. 1996) (citing *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990). "To determine whether a particular action will resolve legal rights, and therefore give rise to a jury trial right, we examine both the nature of the issues involved and the remedy sought," looking to see whether the action sounds in law or equity and whether the remedy sought "is legal or equitable in nature." *Wooddell v. International Bhd. of Elec. Workers, Local 71*, 502 U.S. 93, 97 (U.S. 1991) (citations omitted).

Plaintiffs argue that there is no federal right to a jury trial in this case because there are allegations that Defendants were under common control pursuant to 29 U.S.C. §1301(b)(1) and that the employer and those in the controlled group have no right to a jury trial under the statute. Defendants deny being under common control and argue that, as they had no opportunity to arbitrate, *McDougall v. Pioneer Ranch Limited Partnership*, 494 F.3d 571 (7th Cir. 2007), the case relied on by Plaintiffs, is inapplicable.

*McDougall* involved the review of a grant of summary judgment in a situation where there were no disputed facts. The Seventh Circuit Court of Appeals addressed the Seventh Amendment

2

provision for a right of trial by jury in suits involving legal, but not equitable, rights and remedies, and considered the type of remedy provided by Congress in this type of suit. *Id*. at 576. The Seventh Circuit concluded, in agreement with the Ninth and Eleventh Circuits, that defendants in an MPPAA dispute about withdrawal liability were not guaranteed a jury trial right because the dispute resolution scheme contemplated by Congress in the statute was arbitration, rather than a jury. *Id*.

This case is just beginning. Discovery has barely commenced and no deadlines for dispositive motions have been set. Unlike *McDougall*, many of the facts in this case are currently in dispute. To the extent that the claims and facts fit within the *McDougall* court's analysis, Defendants may not be entitled to a jury trial in this case. However, the Court is unable to make a final determination on the issue at this stage in the litigation. A motion regarding the appropriateness of a jury trial in this case will be more appropriate when the facts in the record have been developed.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES without prejudice and with leave to refile** the Plaintiffs' Motion to Strike Defendants' Jury Demands [DE 16].

SO ORDERED this 9th day of April, 2012.

                                                  s/ Paul R. Cherry
                                                MAGISTRATE JUDGE PAUL R. CHERRY
                                                UNITED STATES DISTRICT COURT

cc:     All counsel of record