UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 PENSION TRUST FUND,<br>      Plaintiffs,<br><br>      v.<br><br>CATHIE'S CARTAGE, INC., CATHERINE G. MORRIS, individually and d/b/a CATHIE'S CARTAGE, INC. and d/b/a MORRIS INVESTMENTS; RONALD G. MORRIS, individually and d/b/a CATHIE's CARTAGE, INC. and d/b/a MORRIS INVESTMENTS; MORRIS MOTOR SERVICE, INC; MAKLEASE INC.; MORESS, LLC; MILLENIUM PARK STORAGE, INC.; RDM I, LLC; RDM III, LLC; RDM IV, LLC RDM V, LLC; and RDM VI, LLC,<br>      Defendants. | CAUSE NO.: 2:11-CV-374-PRC |

**OPINION AND ORDER**

There are two motions before the Court. The first is a Motion to Dismiss for Failure to State a Justiciable Claim [DE 50], filed by Defendants Cathie's Cartage, Inc., Catherine G. Morris, Ronald G. Morris, Morris Motor Service, Inc., Maklease, Inc., Moress, LLC, Millennium Park Storage, Inc., RDM I, LLC, RDM III, LLC, RDM IV, LLC, RDM V, LLC, and RDM VI, LLC on February 5, 2013. Plaintiffs filed a response on February 19, 2013. Defendants filed a reply on February 26, 2013. The second motion before the Court is Plaintiffs' Second Motion for Leave to Amend Complaint [DE 52], filed by Plaintiffs on February 13, 2013. Defendants filed a response on February 15, 2013. Plaintiffs filed a reply on February 26, 2013.

1

**BACKGROUND**

Cathie's Cartage, Inc. ("Cartage") entered into a collective bargaining agreement ("CBA") with Local No. 142 of the International Brotherhood of Teamsters, AFL-CIO ("Union"). The CBA provided that a trust ("Pension Fund") had been previously created by an Agreement and Declaration of Trust ("Trust Agreement") pursuant to a collective bargaining agreement between certain employers and the Union. The CBA required Cartage to make periodic contributions into the Pension Fund on behalf of its employees who were represented for collective bargaining purposes by the Union.

Plaintiffs brought this cause of action as trustees of the Pension Fund seeking to collect withdrawal liability from Cartage and other Defendants under the Employee Retirement Security Income Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1371, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1381–1461. Plaintiffs allege that the Pension Fund is a multiemployer plan under ERISA and that Cartage withdrew from the Pension Fund incurring withdrawal liability of $339,119.00. On December 19, 2012, Plaintiffs filed their First Amended Complaint ("Complaint"). Defendants filed their motion to dismiss the Complaint on February 5, 2013. Plaintiffs filed their motion for leave to amend on February 13, 2013. The Court will address Plaintiffs' motion before turning to Defendants' motion to dismiss.

**ANALYSIS**

**A. Plaintiffs' Motion to Amend**

Plaintiffs' motion asks the Court to grant Plaintiffs leave to file a Second Amended Complaint. Plaintiffs filed the motion in response to Defendants' motion to dismiss, which asserts that discrepancies between the Complaint, CBA, and Trust Agreement as to the name of the Pension Fund justify dismissal of the action. The Complaint currently names the Pension Fund as the

2

"Teamsters Union *Local* No. 142 Pension Trust Fund." (emphasis added). The Second Amended Complaint changes the name to the "Teamsters Union No. 142 Pension Trust Fund," which is the name of the Pension Fund to which Cartage is required to make contributions under the CBA.

Where a party may not amend a pleading as a matter of course, Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that the court "should freely give leave when justice so requires." *Id.* Thus, if the underlying facts or circumstances relied upon by a party are a potentially proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

Defendants argue that the Court should deny Plaintiffs' motion to amend because the Second Amended Complaint would not cure the deficiencies asserted in Defendants' motion to dismiss. The Court finds that the amendment would address at least one of Defendants' concerns with the Complaint as currently drafted. Specifically, it would address Defendants' argument that "[t]he [CBA] unambiguously names 'Teamsters Union No. 142 Pension Trust Fund' as its trust fund, not the fund set forth in plaintiff's complaint." Def.'s Br. in Supp. of Mot. to Dismiss, p. 4. Additionally, the Court finds that Defendants will suffer no prejudice from the Court granting Plaintiffs leave to amend. Further, because the Court has not found–and Defendants have not

alleged–any undue delay, bad faith, or dilatory motive on the part of Plaintiffs in bringing the motion, the Court concludes that it is in the interest of justice to grant Plaintiffs' motion for leave to amend.

In an effort to prevent the necessity of future amendments, the Court notes that on page 2 of the Second Amended Complaint, Plaintiffs indicate that they will use the phrase "Pension Fund" to refer to the Teamsters Union No. 142 Pension Trust Fund. However, there are later references in the Second Amended Complaint to the "Trust Fund" that appear to the Court to be references to the "Pension Fund." To the extent the use of "Trust Fund" was a mistake, the Court also grants leave to Plaintiffs to change "Trust Fund" to "Pension Fund" in each instance.

### B. Defendants' Motion to Dismiss

Defendants ask the Court to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). However, Defendants Cathie's Cartage, Inc., Catherine G. Morris, Ronald G. Morris, Maklease, Inc., and Morris Motor Service filed their Answer on January 9, 2013, almost one month before the instant motion was filed. Because Rule 12(b)(6) requires that motions to dismiss be filed "before pleading if a responsive pleading is allowed," the Court will construe Defendants' motion to be made pursuant to Rule 12(c) with respect to these Defendants. *See Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 n. 6 (7th Cir. 2000) (stating that "because Defendants previously filed their answer, the district court correctly construed Defendants' motion [to dismiss] as a motion for judgment on the pleadings under Rule 12(c)"). With respect to the remaining Defendants, who have not yet filed an answer, the Court will construe the motion as being brought under Rule 12(b)(6). This distinction will have no practical effect, however, because Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions. *See Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) ("[A court] review[s] Rule 12(c) motions by employing the same

4

standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6).").

*1. Standard of Review*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

*2. Documents Considered by the Court*

The Court must determine whether the exhibits attached to Defendants' motion should be considered in ruling on their motion. Under Rule 12(b)(6), the general rule is that when a defendant attaches documents to a motion to dismiss "the court must either convert the 12(b)(6) motion into a motion for summary judgment under Rule 56 and proceed in accordance with the latter rule, or exclude the documents attached to the motion to dismiss and continue under Rule 12." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). A "narrow exception" is made for documents that "are referred to in the plaintiff's complaint and are central to his claim." *Id.* A further exception "permit[s] a district court to take judicial notice of matters of public record." *Gen. Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). The same standard applies with respect to Rule 12(c). *See N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (stating that a Court ruling on a Rule 12(c) motion should generally convert it to a Rule 56 motion for summary judgment if considering attachments); *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1997) (stating that a court ruling on a Rule 12(c) motion may consider documents attached to the motion that are referenced in the pleadings or are matters of public record).

Here, Defendants attached four documents to their motion. Exhibit A is the CBA. Exhibit B is the Trust Agreement. Because Plaintiffs referenced and relied upon both of these documents in their Complaint and these documents are central to the claims, the Court may consider them. Exhibit C is a document showing the results of a search conducted by Defendants of the Department of Labor's Employee Benefits Security Administration's website. This document does not fall within the public records exception because its content is the product of a search crafted by Defendants. A different set of search criteria may produce different results. As a result, the Court

finds that the document lacks the characteristics of a matter of public record and the Court excludes Exhibit C from consideration in ruling on Defendants' motion. Exhibit D is a Schedule MB (Form 5500) concerning a Multiemployer Defined Benefit Plan under the name "Teamsters Local 142 Pension Trust Fund." Defendants assert that this document shows that Plaintiffs are actually operating a trust fund unrelated to this case. Defendants do not, however, provide any explanation for why this document falls under the public records exception other than stating that it is a public government record. Because they have provided the Court with no indication as to the source of the document or why it should be admitted under the exception, the Court excludes Exhibit D from consideration in ruling on Defendants' motion.

*3. Defendants' 12(b)(6) and 12(c) Motion*

Defendants assert that Plaintiffs' Complaint should be dismissed because the Pension Fund is not a plan or a multiemployer plan under ERISA, and, as a result, Plaintiffs cannot bring a claim for withdrawal liability under ERISA. Defendants' argument relies on various discrepancies between the Complaint, CBA, and Trust Agreement as to the name of the Pension Fund. Plaintiffs respond that the discrepancies between the documents as to the Pension Fund's name are insignificant and that under the 12(b)(6) standard the Court should make the reasonable inference that each document refers to Plaintiffs' Pension Fund notwithstanding those discrepancies.

Defendants' first argument–that the Pension Fund is not a multiemployer plan under ERISA–relies on a provision of ERISA that states that "[t]he term 'multiemployer plan' means a plan . . . which is maintained pursuant to one or more collective bargaining agreements." 29 U.S.C. §1002(37). Defendants argue that because the name of the Pension Fund in the Complaint differs from that in the CBA, Plaintiffs' Pension Fund is not maintained pursuant to a collective bargaining agreement and consequently is not a multiemployer plan under ERISA. However, as discussed

7

above, the Court is granting Plaintiffs leave to amend their Complaint. Once Plaintiffs have filed the Second Amended Complaint, there will no longer be any conflict between the CBA and the Complaint as to the name of the Pension Fund: in both the CBA and the Complaint, the Pension Fund will be named the "Teamsters Union No. 142 Pension Trust Fund." As a result, Defendants' first argument in support of dismissal is moot.

However, the name of the Pension Fund in the Trust Agreement–the "Teamsters Union No. 142 Pension Fund"–will remain different from the name of the Pension Fund in the CBA and the Complaint.[1] Thus, the Court still must consider Defendants' second argument, which is that the Pension Fund does not meet the general requirements for an ERISA plan. Specifically, Defendants argue that the Pension Fund fails to comply with a provision of ERISA that states "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument." 29 U.S.C. §1102. Defendants assert that the Pension Fund fails to meet this requirement because the Trust Agreement that allegedly created the Pension Fund actually creates a fund named the "Teamsters Union No. 142 Pension Fund." According to Defendants, the absence of the word "Trust" from the name is sufficient to demonstrate that the Pension Fund was not created by the Trust Agreement and, as a result, was not created by a written instrument. The Court is not persuaded by Defendants' argument. Defendants have not cited any authority suggesting that, as a matter of law, the discrepancy between the names prevents a finding that the Pension Fund was created by the Trust Agreement. To the extent Plaintiffs are required to demonstrate that the Pension Fund was created

---

[1]For ease of comparison:
    Name in the CBA and Complaint:  Teamsters Union No. 142 Pension Trust Fund
    Name in the Trust Agreement:     Teamsters Union No. 142 Pension Fund

by a written document,[2] the issue is more appropriately resolved at summary judgment where the parties can present evidence as to the meaning of the Trust Agreement and whether it created Plaintiffs' Pension Fund. Accordingly, the Court denies Defendants' motion to dismiss on this basis.

**CONCLUSION**

Based on the foregoing, the Court hereby **DENIES** the Motion to Dismiss for Failure to State a Justiciable Claim [DE 50] and **GRANTS** Plaintiffs' Second Motion for Leave to Amend Complaint [DE 52]. The Court **ORDERS** Plaintiffs to **FILE** the Second Amended Complaint with the Court upon receipt of this Order.

SO ORDERED this 31st day of May, 2013.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record

---

[2] The Seventh Circuit has stated that "an ERISA plan need not be in writing in order to be enforceable. It just has to exist, in the sense that its essential terms are ascertainable (so that it doesn't flunk on vagueness grounds) and that it was intended to be in effect, and not just be something for future adoption." *Brines v. XTRA Corp.*, 304 F.3d 699, 701 (7th Cir. 2002) (citations and internal quotation marks omitted). While "[ERISA] requires plans to be in writing, [ ] the courts reason that a failure to comply with that requirement should not redound to the company's benefit." *Id.* (citations omitted).

9