UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS UNION<br>NO. 142 PENSION TRUST FUND,<br>    Plaintiffs,<br><br>    v.<br><br>CATHIE'S CARTAGE, INC. *et al.*,<br>    Defendants. | Cause No. 2:11-CV-374-PRC |

| | |
|---|---|
| CATHERINE G. MORRIS, *et al.*,<br>    Counterplaintiffs,<br><br>    v.<br><br>TRUSTEES OF THE TEAMSTERS UNION<br>NO. 142 PENSION TRUST FUND, MITCHELL<br>SAWOKCHKA, RICHARD KNIPP, RICHARD<br>KENNEY, ROBERT McGREAL, PERRY<br>VAN ROSENDALE, THOMAS SKILSON, and<br>GARY KEBERT,<br>    Counterdefendants. | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs'/Counterdefendants' Corrected Motion for Protective Order [DE 94], filed by on January 2, 2014. Plaintiffs/Counterdefendants (the Trustees) and Defendants (with the exception of Cathie's Cartage, Inc., against which this case is stayed due to bankruptcy) appeared by counsel before this Court on April 10, 2014, for oral argument on the Corrected Motion for Protective Order.

**I. Background**

Defendant Cathie's Cartage, Inc. entered into a collective bargaining agreement (CBA) with Local No. 142 of the International Brotherhood of Teamsters, AFL-CIO. The CBA provided that a Trust had been previously created by an Agreement and Declaration of Trust (Trust Agreement)

pursuant to a collective bargaining agreement between certain employers and the Union. The CBA required Cathie's Cartage to make periodic contributions into a Pension Fund on behalf of its employees who were represented for collective bargaining purposes by the Union.

On October 13, 2011, the Trustees brought this cause of action as trustees of the Pension Fund seeking to collect withdrawal liability from Cathie's Cartage and other Defendants (alleged to be in the so-called "controlled group") under the Employee Retirement Security Income Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1371, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. §§ 1381–1461. The Trustees allege that the Pension Fund is a multiemployer plan under ERISA and that Cathie's Cartage withdrew from the Pension Fund, incurring withdrawal liability of $339,119.00.

Central to Defendants' theory of defense is a discrepancy between the name of the fund created by the Trust Agreement—"Teamsters Union No. 142 Pension Fund"— and the fund referred to in the CBA and in Plaintiffs' complaint—"Teamsters Union No. 142 Pension Trust Fund." In filing its Amended Answer, Defendants also brought a handful of counterclaims. The Trustees filed a Motion to Dismiss these counterclaims, which the Court ruled on in a March 20, 2014 Opinion and Order. Two counterclaims, conversion and negligence, survived the Motion to Dismiss.

## II. Analysis

As clarified by the parties at oral argument, there are two issues this Court must decide regarding the Corrected Motion for Protective Order: first, the status of the Trustees' Responses to Defendants' Requests for Admission, and second, whether the Court should limit the scope of Defendant Ronald G. Morris's previously served Rule 30(b)(6) Notice of Deposition.

Federal Rule of Civil Procedure 26(c)(1) provides that courts may issue protective orders

limiting discovery for good cause. Fed. R. Civ. P. 26(c)(1). Potential limits include specifying the terms of discovery, forbidding inquiry into certain matters, and limiting the scope of discovery. *Id.* The court has discretion in deciding when a protective order is appropriate and what degree of protection is required. *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003). As Rule 26(c)(1) provides, only good cause is required in determining whether or not to issue a protective order. *Beauchem v. Rockford Prods. Corp.*, No. 01 C 50134, 2002 WL 31155088, at *3 (N.D. Ill. Sept. 27, 2002). "The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding 'annoyance, embarrassment, oppression, or undue burden or expense . . . .'" *Felling*, 211 F.R.D. at 554. The party seeking the protective order has the burden of showing that good cause exists for it. *Id.*

### A. Requests for Admission

Defendants served the Trustees with Requests for Admission on November 20, 2014. In lieu of responding to these, the Trustees filed a Motion for Protective Order on December 20, 2014, seeking to, among other things, stay discovery pending this Court's ruling on the Trustees Motion to Dismiss Defendants' Counterclaims. This filing was within the thirty-day response window provided for by Federal Rule of Civil Procedure 36(a)(3). But, because of defects in the original Motion for Protective Order, the Trustees filed an Amended Motion for Protective Order (the one considered here) on January 2, 2014. The Trustees provided Defendants with their responses to the requests for admission on April 9, 2014, twenty days after this Court's Opinion and Order on the Trustees' Motion to Dismiss Defendants' Counterclaims.

Finding the request well taken, the Court grants the Motion for Protective Order as to the requests for admission, and orders that discovery be retroactively stayed from the date the Trustees

3

filed their first Motion for Protective Order (December 20, 2013) to the date this Court issued its Opinion and Order on the Trustees' Motion to Dismiss Defendants' Counterclaims (March 20, 2014). This stay does not invalidate any discovery exchanged during that period. The Court accordingly finds that the Trustees responded to Defendants' Requests for Admission in a timely manner.

### B. Notice of Deposition

Defendant Ronald G. Morris served the Trustees with a Federal Rule of Civil Procedure 30(b)(6) notice of deposition. That request lists twenty-one separate areas of inquiry for questioning at the deposition. These include the history of the Trustees' doing business with Cathie's Cartage, Inc., documentation concerning the pension trust fund, internal communications, meeting minutes, documents reviewed in preparation for the deposition, and many other subjects. The Trustees object that such a broad request is unduly burdensome and largely irrelevant to the issues being litigated. The Trustees represent that this request implicates a warehouse full of documents stretching back decades. Though defense counsel clarified at oral argument that Defendant Morris was not seeking documents in this request, the Court nevertheless finds that the areas covered by his Rule 30(b)(6) notice are overbroad and excessively burdensome; a protective order is hence warranted.

The Court orders stricken Defendant Morris's July 2013 Notice of 30(b)(6) Deposition and grants him (and any other Defendants) leave to renotice a deposition with the following restrictions as to subject matter:

1. The discrepancy of the name of the trust fund;

2. Whether the non-employer defendants were in the controlled group under ERISA;

3. Defendants' remaining counterclaims;

4

4. The claims brought by the Trustees in their Amended Complaint; and

5. Any other issues the parties agree are relevant.

### III. Conclusion

For these reasons, the Court **GRANTS in part** Plaintiffs'/Counterdefendants' Corrected Motion for Protective Order [DE 94], **FINDS** that the Trustees' responses to Defendants' Requests for Admission were timely, and **ORDERS** that

1. Discovery be retroactively stayed from December 20, 2013 through March 20, 2014, but that this stay does not invalidate any discovery exchanged during that period; and

2. Any future deposition of the Trustees comply with the limits laid out in this Opinion and Order.

The Court **DENIES in part** Plaintiffs'/Counterdefendants' Corrected Motion for Protective Order [DE 94] insofar as it was rendered moot by this Court's March 20, 2014 Opinion and Order on the Trustees' Motion to Dismiss Defendants' Counterclaims.

At a later date, this Court will hold a telephonic conference with the parties to set new dates and deadlines in this case.

SO ORDERED this 11th day of April, 2014.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record